IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARRY CURTIS,
      Plaintiff,

v.                                                                          Civil Action No. 3:16-cv-00731-JAG

PROPEL PROPERTY TAX FUNDING, LLC,
and PROPEL FINANCIAL SERVICES, LLC,
      Defendants.

## OPINION

Garry Curtis fell behind on taxes he owed to the City of Petersburg ("Petersburg"), so he entered into an agreement with Propel Property Tax Funding, LLC ("Propel Tax"), and Propel Financial Services, LLC ("Propel Financial") (collectively, "Propel"). Through this agreement, Propel paid taxes to Petersburg on behalf of Curtis, and then Curtis repaid Propel with interest. Curtis, on behalf of himself and other similarly situated consumers, has sued Propel based on the terms of this and accompanying agreements, plus the related disclosures. Specifically, Curtis alleges that Propel violated (I) the Truth in Lending Act ("TILA"); (II) the Electronic Funds Transfer Act (the "EFTA"); and (III) the Virginia Consumer Protection Act (the "VCPA").

Propel moved to dismiss Curtis' original complaint. The Court denied Propel's motion to dismiss Counts I and II, but certified its ruling on Count I, the 15 U.S.C. § 1693k claim in Count II, and Curtis' standing to proceed on Count II for interlocutory appeal.[1] The Court granted Propel's motion to dismiss Count III, but allowed Curtis to amend his complaint on this claim. Curtis filed an amended complaint, and Propel has again moved to dismiss. Because Curtis fails to plead the necessary elements of a VCPA claim, and does not plead with the requisite particularity, the Court will grant the motion to dismiss Count III.

---

[1] The Fourth Circuit granted Propel's petition to appeal on September 25, 2017.

# I. BACKGROUND

The Court set forth an in-depth background of this case in its previous Opinion on Propel's motion to dismiss. *Curtis v. Propel Property Tax Funding, LLC*, __ F. Supp. 3d __, No. 3:16–cv–731, 2017 WL 3397036 (E.D. Va. Aug. 8, 2017), *appeal docketed*, No. 17-2114 (4th Cir. Sept. 25, 2017). Thus, the Court will only briefly summarize the pertinent facts.

Propel offers tax payment agreements to Petersburg residents pursuant to Va. Code Ann. § 58.1-3018. This statute permits localities to authorize third parties to offer third-party tax payment agreements ("TPAs"). *Id.* § 58.1-3018(B). Under these TPAs, authorized third parties contract with taxpayers to pay amounts due to the locality on behalf of the taxpayers. *Id.* § 58.1-3018(A). The third party must pay the taxes subject to the agreement to the treasurer of the locality within ten days. *Id.* § 58.1-3018(B)(1). This payment tolls the enforcement period for the taxes subject to the agreement. *Id.* § 58.1-3018(E). If the taxes paid are for real property, this payment from the third party to the locality does not affect the tax lien created by state law.[2] The taxpayer then repays the third party in installments over a set period. *Id.* § 58.1-3018(B)(2).

If the taxpayer defaults on his payments to the third party, the locality reimburses the losses the third party incurred from the default, excluding interest and fees. *Id.* § 58.1-3018(C)(1). Once the locality reimburses the third party, the locality reinstates the taxes owed by the taxpayer in the amount of the reimbursement. *Id.* § 58.1-3018(C)(2).

---

[2] In Virginia, a lien is placed on real property for payment of assessed taxes. Va. Code Ann. § 58.1-3340. This lien has priority over any other liens or encumbrances. *Id.* The locality can enforce the lien through foreclosure if the taxes on the property remain delinquent beyond a certain period. *Id.* § 58.1-3965(A). Section 58.1-3018 does not address the effect of TPAs on real property liens. Thus, the Court assumes that the statute does not affect the tax lien, other than by tolling the limitation period for enforcement of the underlying real property taxes. Even if TPAs could affect tax liens, however, the TPA in this case does not: "Any lien or right to impose a lien granted by law to [the locality] remains unaffected by this Agreement." (Am. Compl. Ex. G, at ¶ 6.B.)

In this case, Curtis applied for a TPA with Propel. Propel provided Curtis a disclosure sheet, which included the terms of the agreement, the applicable interest rate, and the costs and fees. (Am. Compl. Ex. B.) This document contained inaccurate and potentially misleading information concerning fees and Propel's rights under the agreement. At closing, Curtis signed a tax payment agreement (the "Curtis TPA") (Am. Compl. Ex. G), and received an updated payment terms disclosure sheet (Am. Compl. Ex. H.). This disclosure sheet corrected the statutory inaccuracies from the original disclosure, but listed different dollar values for some figures. Pursuant to these documents, Propel agreed to pay Petersburg $14,547.65 on Curtis's behalf for real property taxes. The parties agreed to a $1,454.76 origination fee (10% of the amount of taxes paid), and an interest rate of 10.95%, with no interest accruing in the first six months after payment. The Curtis TPA outlined additional possible fees, including fees for recording or insufficient funds. Under the agreement, the installment payments would go first to fees, then to interest, then to the principal. The Curtis TPA made clear that payment by Propel to the locality "is not final and will not extinguish [Curtis's] obligation" to the locality. (Am. Compl. Ex. G, at ¶ 6(A); *see also* Am. Compl. Ex. F.)

## II. DISCUSSION

Curtis has sued Propel on behalf of himself and other similarly situated individuals. Curtis alleges that Propel violated: (I) TILA; (II) the EFTA; and (III) the VCPA.[3] Propel moved to dismiss Count III of the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

---

[3] Curtis brings Count I against Propel Tax only. He brings Counts II and III against both defendants, Propel Tax and Propel Financial.

[4] A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the

The General Assembly passed the VCPA "to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code Ann. § 59.1-197. To state a claim under the VCPA, the plaintiff must allege (1) a fraudulent act (2) by a supplier (3) in a consumer transaction.[5] *Id.* § 59.1-200(A); *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010). As a claim sounding in fraud, Federal Rule of Civil Procedure 9(b) requires plaintiffs to plead VCPA claims with particularity. *Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 220 (4th Cir. 2015).

The VCPA also requires proof of (1) reliance and (2) damages, with regard to the alleged misrepresentation(s) of fact. *In re Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg. & Sales Practice Litig.*, No. 1:16-md-2743, 2017 WL 2911681, at *5 (E.D. Va. July 7, 2017). A consumer may only recover under the VCPA if his loss results from a violation of the statute, and this causal connection cannot exist unless the consumer relied on the misrepresentation at issue. *Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005). Virginia courts have consistently required reliance to establish VCPA claims. *Adardour v. American Settlements, Inc.*, 1:08-cv-798, 2009 WL 1971458, at *3 (E.D. Va. July 2, 2009) (collecting cases).

---

complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[5] The Court does not reach the issues of whether these tax payment agreements constitute consumer transactions under the VCPA, and, if they do, whether the VCPA applies to agreements that Virginia law authorizes. Count III fails regardless because, after two pleading attempts, Curtis does not plead his VCPA claim with the requisite particularity, and does not plead the elements of reliance and loss.

Curtis alleges that the credit terms on the final disclosure he received, such as the origination fee, processing fee, and third party fees, differed from those initially disclosed, but he does not allege that he relied on any misrepresentations in the initial disclosure to his detriment. He does not claim that information in the initial disclosure caused him to sign the final TPA. Moreover, even if the initial disclosure sheet contained misleading credit information, the final disclosure "plainly stated the terms of the transaction." *See Johnson v. Washington*, 559 F.3d 238, 245 (4th Cir. 2009) (finding that the documents the plaintiffs signed clearly stated the relevant terms, thereby correcting any prior misleading statements). Curtis also alleges that the defendants falsely represented that Propel would receive a security interest in Curtis' property, which would have authorized it to foreclose, and that the TPA was a binding contract. Again, Curtis does not allege that he relied on these misrepresentations, as required under VCPA law.

Curtis' argument that he need not plead reliance is unavailing. Curtis cites a case in which the Virginia Supreme Court observed that VCPA claims are distinct from common law fraud. *Ballagh v. Fauber Enterprises, Inc.*, 773 S.E.2d 366, 368 (Va. 2015). The *Ballagh* court noted that the elements of the two causes of action differ, with VCPA claims extending beyond common law fraud. *Id.* *Ballagh*, however, does not stand for the proposition that a VCPA claimant need not prove reliance, especially in light of numerous Virginia cases requiring that element.

Nor does Curtis allege that he suffered damages because he relied upon Propel's misrepresentations, as the VCPA requires. *See Gavin v. Koons Buick Pontiac GMC, Inc.*, 28 F. App'x 220, 223 (4th Cir. 2002) (noting Va. Code Ann. § 59.1-204 requires the loss element).

5

His blanket assertion that he suffered "a loss" due to Propel's VCPA violations is insufficient.[6] (Am. Compl. at 20); *see Brown v. Transurban USA, Inc.*, 144 F. Supp. 3d 809, 847 (E.D. Va. 2015) (dismissing VCPA claim when a plaintiff simply "allege[d] conclusory buzz words associated with fraud").

Even if Curtis could clear these elemental hurdles, his second pleading attempt fails to state the VCPA claim as a whole with particularity. The heightened pleading standard under Rule 9(b) requires VCPA plaintiffs to "state with particularity the circumstances constituting fraud," to include the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Wynn's Extended Care*, 619 F. App'x at 220 (quoting *Weidman v. Exxon Mobile Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). The allegations in Curtis' amended complaint remain vague as to these details, especially in terms of who made the misrepresentations that violated VCPA provisions, and what he or she obtained by doing so. Moreover, as previously discussed, Curtis does not allege a fraudulent act with particularity, as he does not adequately plead reliance and loss.

In addition to these overarching shortcomings, Curtis' allegations concerning specific VCPA provisions further demonstrate the deficiencies of this claim. For instance, the amended complaint alleges Propel violated Virginia Code § 59.1-200(A)(8), which prohibits advertising goods "with intent not to sell them as advertised or with intent not to sell at the price or upon the terms advertised." Va. Code § 59.1-200(A)(8). "For a plaintiff to prevail in an action brought under this section, it must be clear that the defendant intended not to sell its product as

---

[6] In his opposition to Propel's motion to dismiss, Curtis asserts that the loss appears "on the face of the contract documents," and he argues that the increased origination fee constitutes a loss. (Pl. Opp. at 15.) The complaint, however, does not contain facts regarding a loss, and referring the Court to unspecified contracts does not meet the heightened pleading standard for damages under the VCPA.

advertised." *McIlavy v. CarLoanCo.*, No. CL98-498, 1998 WL 34175530, at *2 (Va. Cir. Nov. 20, 1998). Curtis fails to allege facts indicating that Propel did not intend to provide a loan under the terms of the initial disclosure.

Curtis again attempts to rely on *Ballagh* to argue he does not need to plead his VCPA claim with particularity. *Ballagh*, however, decided a VCPA plaintiff's standard of proof *at trial*, holding that a plaintiff must only prove violations by a preponderance of the evidence, rather than by clear and convincing evidence. 773 S.E.2d at 368. This has no bearing on a VCPA plaintiff's pleading standard at the motion to dismiss stage.

### III. CONCLUSION

Curtis fails to state a claim under the VCPA because he does not allege reliance and loss, and he does not state his VCPA count with particularity, as Rule 9(b) requires. For these reasons, the Court grants Propel's motion to dismiss Count III.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: February 5, 2018
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge